UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0139JLR |
| Plaintiff, | ORDER |
| v. | |
| JULIAN RENE BRAVO-VARGAS, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is *pro se* Defendant Julian Bravo-Vargas's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1).  (Mot. (Dkt. # 47).[1])  Plaintiff the United States of America (the "Government") opposes Mr. Bravo-Vargas's motion.  (Resp. (Dkt. # 48).)  The court has considered Mr. Bravo-Vargas's motion, the parties' submissions in

//

---

[1] The court cites to the page numbers in the CM/ECF header when referencing Mr. Bravo-Vargas's pleadings.

ORDER - 1

support of and in opposition to the motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Bravo-Vargas's motion.

## II.   BACKGROUND

Mr. Bravo-Vargas is a 34-year-old inmate who is currently detained at Federal Correctional Institution ("FCI") Sheridan.  *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 14, 2023).  After Mr. Bravo-Vargas sold cocaine to a confidential informant, authorities searched Mr. Bravo-Vargas's vehicle and discovered over 100 grams of heroin in the trunk.  (*See* Presentence Investigation Report ("PSR") (Dkt. # 39 (sealed)) at 3-4; Indictment (Dkt. # 17).)  Mr. Bravo-Vargas pleaded guilty to one count of Possession of Heroin with Intent to Distribute.  (*See generally* Plea Agreement (Dkt. # 36).)  On November 7, 2022, the court sentenced Mr. Bravo-Vargas to 36 months of imprisonment followed by three years of supervised release.  (*See* 11/7/22 Minute Entry (Dkt. # 45); Judgment (Dkt. # 46).)  He was remanded into custody following his sentencing hearing, and his projected release date is February 15, 2024.  (*See* 11/7/22 Minute Entry); *Inmate Locator*.

## III.   ANALYSIS

Mr. Bravo-Vargas now seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (*See generally* Mot.)  He asks the court to reduce his term of imprisonment to time served or "by any amount deemed appropriate."  (*Id.* at 2.)  The court begins by setting forth the standard of review before turning to its analysis of Mr. Bravo-Vargas's motion.

### A. Standard for a Reduction in Sentence

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United States*, 506 U.S. 817, 824-25 (2010). 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, "allows certain inmates to seek a form of sentence modification," commonly referred to as compassionate release,[2] "by filing motions to that effect with the district court." *See United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022); *Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020). Under § 3582(c)(1), courts have the authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted their administrative appeal rights of the Bureau of Prisons' ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley*, 2020 WL 1819838, at *5. If the inmate meets all three conditions, the court must consider the sentencing factors set forth in 18

---

[2] "Although relief under § 3582(c) is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Millard*, No. CR-15-01391-PHX-DGC, 2022 WL 279596, at *2 n.1 (D. Ariz. Jan. 31, 2022) (quoting *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020)).

U.S.C. § 3553(a) when deciding whether compassionate release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A).

When presented with a defendant-filed, rather than BOP-filed, motion for a reduction in sentence, the Ninth Circuit has held that "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (concluding that the Sentencing Commission's current policy statement, which limits "extraordinary and compelling reasons" to four categories, does not apply to defendant-filed motions for a reduction in sentence (citing U.S.S.G. § 1B1.13 cmt. n.1(A)-(D))); *see also United States v. Van Cleave*, No. CR03-0247RSL, 2020 WL 2800769, at *5 (W.D. Wash. May 29, 2020) (referring to the policy statement as "persuasive, but not binding"); *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (stating that district court has "discretion to consider a combination of 'any' factors particular to the case at hand" when determining whether extraordinary and compelling circumstances exist (quoting *Aruda*, 993 F.3d at 802)).

**B.     Exhaustion of Administrative Remedies**

Before considering the merits of Mr. Bravo-Vargas's motion, the court must determine whether he has met the statutory exhaustion requirement for a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1)(A). Where, as here, the director of the BOP has not filed the motion on defendant's behalf, the court may consider the motion only if defendant has requested that the BOP make such a motion and either (i) defendant has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a

motion on the defendant's behalf," or (ii) 30 days have elapsed since the "warden of the defendant's facility" received a compassionate-release request from defendant. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Ninth Circuit has held that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked," rather than a rule that deprives this court of subject matter jurisdiction. *Keller*, 2 F.4th at 1282. "In other words, if raised by the government in opposition to a motion for compassionate release, the exhaustion requirement must be enforced, but if the government does not raise the exhaustion requirement, it may be waived as a ground for opposing compassionate release." *United States v. Ortiz*, No. CR12-0062RSL, 2023 WL 1781565, at *3 (W.D. Wash. Feb. 6, 2023).

In his motion, Mr. Bravo-Vargas alleges—without supporting documentation—that he submitted a request for a reduction in sentence to the warden at FCI Sheridan on July 28, 2023 based on his conditions of confinement during the COVID-19 pandemic. (*See* Mot. at 1.) Mr. Bravo-Vargas then filed this motion on August 31, 2023—more than 30 days after he alleges he submitted his request to the warden. (*See generally id.*) Assuming Mr. Bravo-Vargas did submit his request on July 28, 2023, the court finds that the statutorily required 30-day period has expired, and Mr. Bravo-Vargas's motion is properly before the court.[3]

---

[3] The Government argues that Mr. Bravo-Vargas's motion should be denied because he failed to attach a copy of his request to the warden, and therefore failed to present evidence of exhaustion. (Resp. at 4 n.1 (arguing that if Mr. Bravo-Vargas fails to attach a copy of his request to the warden in his reply, "this Court should deny his motion for non-exhaustion"); *see*

### C. Extraordinary and Compelling Circumstances

Mr. Bravo-Vargas bears the burden of establishing that "extraordinary and compelling" circumstances warrant a reduction of Mr. Bravo-Vargas's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021). Mr. Bravo-Vargas argues that he is entitled to a reduction in sentence because of: (1) his "extraordinary rehabilitation; and (2) the "additionally punitive nature of serving time during the COVID-19 pandemic." (*See* Mot. at 1-3, 8.) For the reasons set forth below, the court concludes that Mr. Bravo-Vargas has not established "extraordinary and compelling reasons" justifying his release.

//

//

---

*generally* Dkt. (no reply).) For purposes of this motion, however, the court accepts as true Mr. Bravo-Vargas's representation that he submitted a request for compassionate release to the warden of FCI Sheridan on July 28, 2023. Considering Mr. Bravo-Vargas's incarcerated and *pro se* status, he may not have known or been able to make a copy before submitting his request. *See United States v. Kazanowski*, 15-CR-00459-DKW-5, 2020 WL 3578310, at *4 & n.11 (D. Haw. July 1, 2020) (finding exhaustion requirement satisfied based on defendant's bare assertion where defendant was incarcerated and *pro se* because "it would be difficult for [an inmate] to prove at this stage that the [w]arden actually received his request" (internal quotation marks omitted)). Additionally, the court notes that in many other instances where a defendant seeking compassionate release failed to attach a copy of their request to the warden, the Government contacted BOP in order to independently confirm whether and when such a request was made. *See, e.g.*, *United States v. Abdullah et al.*, CR17-0291JLR, 2023 WL 5802622, at *2 (W.D. Wash. Sep. 7, 2023); *United States v. Bowen*, 18-CR-00015-DAD-BAM-1, 2020 WL 4612016, at *3 (E.D. Cal. Aug. 11, 2020); *United States v. Parlor*, 1:18CR-203-BLW, 2022 WL 3284417, at *2 (D. Idaho Aug. 10, 2022). Because the Government failed to do so here, the court finds that the Government has failed to rebut Mr. Bravo-Vargas's assertion that he submitted his request to the warden on July 28, 2023. (*See generally* Resp. (no allegation that the Government contacted BOP to confirm Mr. Bravo-Vargas's July 28 request to the warden).)

### 1. Post-Sentence Rehabilitation

Mr. Bravo-Vargas argues that his post-sentence rehabilitation presents an extraordinary and compelling reason for compassionate release. (*See* Mot. at 1.) Mr. Bravo-Vargas attached an Individualized Needs Plan from BOP showing that he obtained his GED while incarcerated, has engaged in various other educational programming while in custody, and has not incurred any disciplinary infractions in the last six months. (Mot. at 7.) Although the court commends Mr. Bravo-Vargas for taking these strides and does not intend to minimize his progress, such rehabilitative efforts do not alone establish "extraordinary and compelling" circumstances warranting early release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence.); *see, e.g.*, *United States v. Cruz-Cruz*, No. CR13-0049RSL, 2021 WL 1968389, at *5 (W.D. Wash. May 17, 2021) (determining that early release was not justified by defendant's accomplishments in prison where defendant engaged in educational programming during incarceration and incurred only three disciplinary infractions).

### 2. Conditions of Confinement at FCI-Sheridan

Mr. Bravo-Vargas argues that COVID-19's impact on his conditions of confinement at FCI Sheridan warrants a reduction in sentence. (Mot. at 1, 3.) He contends that the "onerous lockdowns," "restrictions on programming," unhygienic conditions, and staff, food, and medication "shortages" have made his conditions of confinement much harsher than what the court could have foreseen during his

ORDER - 7

1  sentencing.[4] (*Id.*; *see also id.* at 3 ("Sheridan FCI has been under a state of near-constant

2  lockdown for nearly 4 years.").)

3      The court need not reiterate the widely known information regarding the

4  symptoms of COVID-19, the devastating global impact of the virus, and the

5  unprecedented challenges COVID-19 created for federal prisons. *See United States v.*

6  *Rollness*, No. CR06-0041RSL, 2021 WL 4476920, at *4 (W.D. Wash. Sept. 30, 2021)

7  (discussing COVID-19's impact on prisons). Moreover, the court does not discount the

8  dangers associated with COVID-19 nor the difficulties prisons face in preventing and

9  containing outbreaks.

10      However, "general conditions that affect inmates indiscriminately throughout the

11  prison are insufficient to support an individual defendant's claim for compassionate

12  release." *United States v. Bolden*, No. CR16-0320RSM, 2020 WL 4286820, at *7 (W.D.

13  Wash. July 27, 2020); *United States v. Veletanlic*, No. CR18-0162JLR, 2021 WL

14  5205706, at *4 (W.D. Wash. Nov. 9, 2021) (rejecting argument that the general

15  "conditions at [defendant's prison] warrant release, including the number of COVID-19

16  infections and deaths, the lax implementation and enforcement of COVID-19 prevention

17  policies, the impossibility of maintaining social distancing, and the unhygienic living

---

[4] Mr. Bravo-Vargas argues that "[s]everal inmates at FCI Sheridan have received partial reductions to their sentences for the conditions of confinement" at the facility. (Mot. at 1.) However, in the cases cited to by Mr. Bravo-Vargas, the courts based their decision to reduce the defendant's sentence off of the defendant's particularized circumstances rather than general conditions of confinement. *See, e.g.*, *United States v. Westwolf*, No. CR19-41GF-BMM, 2023 WL 3305102 (D. Mont. May 8, 2023) (granting reduction in sentence based on defendant's "deteriorating eyesight and related medical complications"); *United States v. Beltran*, No. CR19-35-GFBMM, 2023 WL 3851047 (D. Mont. June 6, 2023) (granting reduction in sentence in light of "BOP's potential failure to award Beltran credit for time served").

ORDER - 8

situations"); *United States v. Thomas*, No. 3:17-CR-00051-SLG, 2021 WL 3924724, at *2 (D. Alaska Sept. 1, 2021) ("[E]very BOP inmate—and in fact nearly every incarcerated person—has experienced limitations on their ability to communicate, exercise, gain an education, and receive job skills training during the COVID-19 pandemic. Conditions that are shared by nearly every inmate in the country are not 'extraordinary and compelling,' and the restrictions Mr. Thomas is subject to are in no way unique to him."). Courts have also rejected generalized claims "that [a defendant's] period of incarceration, served during the time of Bureau of Prisons' COVID-19 restrictions, has presented harsher punishment and made this past year more difficult." *See Suryan*, 2021 WL 3510423, at *3 (stating that BOP lockdown "conditions, while challenging, do not present an extraordinary and compelling reason to warrant his early release"); *United States v. Becerra*, Case No. 17cr1465-LAB, 2021 WL 461699, at *2 (S.D. Cal. Feb. 8, 2021) ("The inconvenience caused by extended lockdown is not an 'extraordinary and compelling reason.'").

While Mr. Bravo-Vargas's conditions of confinement at FCI Sheridan have been more challenging than the court could have predicted, this is a generalized claim that every inmate who has been in custody could assert and is not unique to Mr. Bravo-Vargas.[5] Accordingly, the court finds that Mr. Bravo-Vargas's conditions of

---

[5] Indeed, Mr. Bravo-Vargas's motion appears to be a form motion that has been filed by at least six other defendants convicted in this District and currently held at Sheridan. *See, e.g.*, *United States v. Slaughter*, No. CR13-0359RSL (W.D. Wash.), Dkt. # 115; *United States v. Pigott*, CR21-0013RAJ (W.D. Wash.), Dkt. # 35; *United States v. Stahlman*, No. CR18-5094BHS (W.D. Wash.), Dkt. # 1184; *United States v. Taylor Nairn*, No. CR18-5094BHS

confinement do not constitute "extraordinary and compelling" circumstances warranting a reduction in sentence.[6] *See Suryan*, 2021 WL 3510423, at *3; *see also Extraordinary Circumstances*, Black's Law Dictionary (11th ed. 2019) (defining "extraordinary circumstances" as a "highly unusual set of facts that are not commonly associated with a particular thing or event").

The court further finds that, even when Mr. Bravo-Vargas's arguments are considered together, he has not established "extraordinary and compelling" reasons justifying a reduction in sentence. Having determined that Mr. Bravo-Vargas has not made the requisite showing of extraordinary and compelling reasons warranting a reduction in sentence, the court need not analyze whether a reduction in Mr. Bravo-Vargas's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, the court DENIES Mr. Bravo-Vargas's motion for a reduction in sentence.

//

//

---

(W.D. Wash.), Dkt. # 1185; *United States v. Abdullah et al.*, No. CR17-0291JLR (W.D. Wash.), Dkt. # 112; *United States v. Brooks*, No. CR19-0093JLR (W.D. Wash.), Dkt. # 112.

[6] Moreover, the court agrees with the Government's contention that a motion for a reduction in sentence is not the proper vehicle to challenge Mr. Bravo-Vargas's conditions of confinement. *See United States v. Berrelleza-Verduzco*, No. CR12-0062RSL, 2021 WL 1178189, at *2 n.1 (W.D. Wash. Mar. 29, 2021) (citing *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020)). Although there appears to be no barrier preventing the court from considering Mr. Bravo-Vargas's arguments under the reduction in sentence framework, Eighth Amendment arguments regarding conditions of confinement are better suited to a habeas petition or civil rights claim. *See United States v. Slaughter*, No. CR13-0359RSL, 2023 WL 5609339, at *4 (W.D. Wash. Aug. 30, 2023).

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Bravo-Vargas's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. # 47).

Dated this 14th day of September, 2023.

JAMES L. ROBART
United States District Judge